SEYFARTH SHAW LLP
Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
Selyn Hong (SBN 303398)
shong@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
ALCON LABORATORIES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH POLICARPIO,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ALCON LABORATORIES, INC. and<br>DOES 1 to 25,<br><br>　　　　　　Defendants. | Case No. _____<br><br>**DEFENDANT ALCON LABORATORIES,<br>INC.'S NOTICE OF REMOVAL OF<br>CIVIL ACTION**<br><br>[28 U.S.C. § 1446]<br><br>Trial Date: Not Set<br>Date Action Filed: September 29, 2016<br>Summons/Complaint Served: December 23, 2016 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JOSEPH POLICARPIO AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant ALCON LABORATORIES, INC. hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, asserting federal question jurisdiction pursuant to 28 U.S.C. section 1331, to effect the removal of the above-captioned action from the Superior Court of California, County of Contra Costa, to the United States District Court for the Northern District of California, and states that removal is proper for the reasons set forth below.

//

//

//

NOTICE OF REMOVAL BY DEFENDANT ALCON LABORATORIES, INC.

## PLEADINGS, PROCESSES, AND ORDERS

1.    On September 29, 2016, Plaintiff JOSEPH POLICARPIO ("Plaintiff") filed a Complaint against Defendant ALCON LABORATORIES, INC. ("Defendant") for Restitution, Compensatory and Punitive Damages and Penalties in the Superior Court of California, County of Contra Costa entitled *Joseph Policarpio v. Alcon Laboratories, Inc. and Does 1 to 25*, Case No. C16-01865.

2.    Plaintiff's Complaint purports to allege claims for relief against Defendant stemming from Plaintiff's employment with Defendant, namely Defendant's alleged failure to pay overtime compensation to Plaintiff.  Plaintiff bases his claims on, among other things, an alleged violation by Defendant of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (Second Cause of Action for alleged unpaid overtime).  Plaintiff also asserts claims under California Labor Code § 510 (First Cause of Action for unpaid overtime), California Labor Code § 203 (Third Cause of Action for waiting time penalties), and California's Business and Professions Code § 17200 *et seq.* (Fourth Cause of Action for unfair competition).

3.    On December 23, 2016, Plaintiff served the Summons and Complaint on Defendant by mail.  All process, pleadings, notices, and orders received by Defendant in this action are attached as **Exhibit A** pursuant to 28 U.S.C. § 1446(a) and are incorporated by reference as though fully set forth herein.

4.    On January 20, 2017, Defendant filed its Answer to Plaintiff's Complaint in the Superior Court of California, County of Contra Costa.  A conformed copy of the Answer is attached as **Exhibit B**.

## TIMELINESS OF REMOVAL

5.    On December 23, 2016, Plaintiff served Defendant with the Summons and Complaint by mail.

6.    This Notice of Removal is timely as it is being filed within thirty (30) days after service of the Summons and Complaint and within one (1) year of the commencement of this action.  28 U.S.C. § 1446(b); Fed. Rule Civ. Proc. 6(a); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

NOTICE OF REMOVAL BY DEFENDANT ALCON LABORATORIES, INC.

## BASIS FOR REMOVAL

## FEDERAL QUESTION JURISDICTION

6.      Plaintiff asserts a claim under the FLSA, 29 U.S.C. § 207, a federal statute.  (**Exhibit A**, Complaint at ¶ 10.)  Accordingly, this action presents a federal question over which this Court has original jurisdiction.  28 U.S.C. §1331 (conferring original jurisdiction upon federal courts for actions arising under the laws of the United States).

7.      Plaintiff asserts the remainder of his claims under California law.  But these claims arise from his employment with Defendant and are based on the same factual allegations as those underlying his FLSA claim.  The claims are so related that they form part of the same case or controversy.  As such, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over all of Plaintiff's claims pled under California law.

## VENUE

8.      Plaintiff alleges that his claims arose in the County of Contra Costa.  (*See* **Exhibit A**, Complaint at ¶¶ 2-4.)  The County of Contra Costa lies within the jurisdiction of the United States District Court for the Northern District of California.

10.      Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446(a).  This action was originally brought in the Superior Court of the State of California, County of Contra Costa and thus should be removed to the San Francisco or Oakland Division of this Court per Civil Local Rule 3-2(c) and (d).

## SERVICE OF NOTICE OF REMOVAL ON STATE COURT

11.      A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Contra Costa as required under 28 U.S.C. § 1446(d).

//

//

//

//

//

3

1    WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of

2    California, County of Contra Costa to the United States District Court for the Northern District of

3    California, San Francisco or Oakland Division.

4

5

6    DATED: January 23, 2017                    Respectfully submitted,

7                                               SEYFARTH SHAW LLP

8

9                                               By: _____
                                                     Andrew M. McNaught
10                                                   Selyn Hong

11                                              Attorneys for Defendant
                                                ALCON LABORATORIES, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ALCON LABORATORIES, INC. and DOES 1 to 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSEPH POLICARPIO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desee que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* CONTRA COSTA SUPERIOR COURT
725 Court Street
Martinez, CA 94553

CASE NUMBER:
*(Número del Caso):* C16-01865

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas A. Prutton, Law Offices of Douglas A. Prutton, 1985 Bonifacio, Ste. 101, Concord, CA 94520

DATE: **SEP 2 9 2016**
*(Fecha)*

Clerk, by **S. OZ** , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Douglas A. Prutton, Esq.
State Bar No. 118300
LAW OFFICES OF DOUGLAS A. PRUTTON
1866 Clayton Road, Suite 109
Concord, CA 94520
Ph:   (925) 677-5080
Fax:  (925) 677-5089

Attorney for Plaintiff
Joseph Policarpio

PER LOCAL RULES 5 THIS
CASE IS ASSIGNED TO
DEPT. _____

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA

---

JOSEPH POLICARPIO,

                 Plaintiff,

vs.

ALCON LABORATORIES, INC. and DOES 1
to 25,

                 Defendants.

---

**C16-01865**

CASE NO.

**COMPLAINT FOR RESTITUTION,
COMPENSATORY AND PUNITIVE
DAMAGES AND PENALTIES;
DEMAND FOR JURY TRIAL**

Plaintiff by and through his attorney of record alleges as follows:

## GENERAL ALLEGATIONS

(1)     Defendants Alcon Laboratories, Inc. at all relevant times has been a global medical

company specializing in eye care products and surgical equipment for eye surgery.  It

is registered with the California Office of the Secretary of State as a Delaware

*Complaint for Restitution, Compensatory and Punitive Damages and Penalties*                 1

corporation, but its headquarters are in Fort Worth, Texas. It conducts a substantial amount of business in the State of California.

(2). Beginning on or about June 25, 2012, and continuing until on or about August 12, 2016, plaintiff was employed by defendants. He was employed as an Associate Territory Manager, Territory Manager I, Wavelight Engineer and Territory Manager II. He worked from his home in Concord, California and serviced clients, mostly hospitals, throughout mainly Northern California. On occasion he worked in Irvine, California at defendants' manufacturing facility and in Lake Forest, California at defendants' New Technology Services Building.

(3) Plaintiff's employment was pursuant to an agreement with defendants that provided for payment of a fixed salary and commissions. From on or about June 25, 2012 to on or about April 2016, defendants paid plaintiff pursuant to this agreement. However, plaintiff received no extra pay for overtime hours worked, i.e., he did not receive one and one half or double his rate of pay for overtime worked. He was treated by defendants as being "exempt" from federal and state overtime requirements. In April 2016, defendants re-classified plaintiff as being "non-exempt" and began paying him a premium rate for overtime hours worked. Under California law, plaintiff was entitled to receive premium overtime wages as follows: time-and-a-half for hours worked in excess of 8 hours per day or 40 hours per week, and on the seventh consecutive day of every work week, and double the regular hourly rate for hours worked in excess of 12 hours in a single day and in excess of 8 hours on any seventh consecutive day of work.

(4) From June 25, 2012 until he was re-classified as being non-exempt plaintiff worked many hours of overtime for which he was not paid a premium rate. It is plaintiff's position in this lawsuit that at all times that he worked for defendants he was legally

entitled under federal and California law to a premium rate for all overtime hours worked. The amount of overtime owed exceeds $25,000.00 and, thus, the amount in controversy makes this an unlimited jurisdiction case.

(5) Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 25 and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's damages as herein alleged were proximately caused by the aforementioned defendants.

(6) Plaintiff is informed and believes and thereon alleges that at all relevant times each of the defendants was the agent, employee, partner, and joint venturer of each of the remaining defendants, in doing the things hereinafter alleged they were acting within the course and scope of such agency, employment, partnership, and joint venture, and they authorized, ratified, aided, abetted, encouraged, and counseled the doing of the things hereinafter alleged.

## FIRST CAUSE OF ACTION
### (UNPAID OVERTIME -- LABOR CODE --
### AGAINST ALL DEFENDANTS)

(7) Paragraphs (1) through (6) of this Complaint are incorporated herein.

(8) Defendants failed to pay plaintiff a premium rate for overtime hours worked in violation of Labor Code §510 and the wage orders and regulations adopted pursuant to this statute. For this violation, plaintiff seeks to recover compensation for all

overtime compensation due, interest on these amounts, and attorney's fees and costs pursuant to Labor Code §1194 and Civil Code §3289. As the statute of limitations for this state overtime claim is three years, plaintiff is seeking recovery in this cause of action relating to overtime hours he worked in the three year period preceding the filing of this complaint.

## SECOND CAUSE OF ACTION
### (UNPAID OVERTIME – FEDERAL FAIR LABOR STANDARDS ACT - AGAINST ALL DEFENDANTS)

(9)   Paragraphs (1) through (8) of this Complaint are incorporated herein.

(10)   Defendants failed to pay plaintiff a premium rate for overtime hours worked in violation of the Fair Labor Standards Act (29 USC §207) and the regulations adopted pursuant to that statute. For this willful violation, plaintiff seeks backpay, an equal amount of backpay in liquidated damages, interest and attorney's fees pursuant to 29 USC §216. As the statute of limitations for this federal overtime claim is three years for willful violations, plaintiff is seeking recovery in this cause of action relating to overtime hours he worked in the three years preceding the filing of this complaint.

## THIRD CAUSE OF ACTION
### (WAITING TIME PENALTIES UNDER LABOR CODE §203)

(11)   Paragraphs (1) through (10) of this Complaint are incorporated herein.

(12)   Defendants' failure to pay plaintiff his wages following the resignation of his employment was willful, entitling plaintiff to penalties under Labor Code §203, which

provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

## FOURTH CAUSE OF ACTION
## (UNFAIR COMPETITION AGAINST ALL DEFENDANTS)

(13)     Paragraphs (1) through (12) of this Complaint are incorporated herein.

(14)     Defendants' failure to pay overtime compensation was a violation of California's unfair competition laws (Business and Professions Code §17200 et seq.). Plaintiff seeks restitution. As the statute of limitations for this federal overtime claim is four years, plaintiff is seeking recovery in this cause of action relating to overtime hours he worked in the four years preceding the filing of this complaint.

## <u>PUNITIVE DAMAGE ALLEGATIONS</u>

(15)     Paragraphs (1) through (14) of this Complaint are incorporated herein.

(16)     Defendants' intentional failure to pay plaintiff the overtime he was entitled to under the California Labor Code and the federal Fair Labor Standards Act, amounted to malice, fraud and oppression as defined in California Civil Code §3294(c).

(17)     The unlawful conduct described above was committed by officers, directors, and managing agents of defendants and was authorized and ratified by officers, directors, and managing agents of defendants.

///
///
///

## PRAYER FOR RELIEF/DEMAND FOR JURY TRIAL

WHEREFORE, plaintiff prays for trial by jury and judgment against defendants for compensatory and punitive damages, restitution, pre-judgment interest, costs, liquidated damages, attorney's fees and any other relief that the Court deems fair and just.

LAW OFFICES OF DOUGLAS A. PRUTTON

Dated:   September 27, 2016

Douglas A. Prutton
Attorney for Plaintiff Joseph Policarpio

POLICARPIO VS ALCON LAB

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC16-01865

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 02/16/17        DEPT: 09        TIME:   9:00

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)646-4099 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

     a.  an order establishing a discovery schedule
     b.  an order referring the case to arbitration
     c.  an order transferring the case to limited jurisdiction
     d.  an order dismissing fictitious defendants
     e.  an order scheduling exchange of expert witness information
     f.  an order setting subsequent conference and the trial date
     g.  an order consolidating cases
     h.  an order severing trial of cross-complaints or bifurcating
         issues
     i.  an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  09/29/16                _____

                                S. OZUNA
                                Deputy Clerk of the Court

## Superior Court of California, County of Contra Costa

# NOTICE TO DEFENDANTS
### In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

a.  The Summons

b.  The Complaint

c.  The Notice of Case Management (shows hearing date and time)

d.  Blank: Case Management Statement (Judicial Council Form CM-110)

e.  Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

f.  Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c-INFO)

---

 **WHAT DO I DO NOW?** 

### You must:

1.  **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2.  **Complete the** *Case Management  Statement  (CM-110)*

3.  **File and serve your court papers on time**   Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4.  **Prove you served your court papers on time**   by having your server complete a *Proof of Service, (Judicial Council form POS-040),* that must be filed at the court within 60 days.

5.  **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6.  **Consider trying to settle your case before trial**   If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers.  For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case.  While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:**  You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:**  Buy forms at the Law Library (1020 Ward Street, Martinez, CA) or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.

2. If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.

3. If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).

b. For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).

c. Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. <u>Demurrer</u> *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. <u>Motion to Strike</u> *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court)*;
4. <u>Motion to Quash Service of Summons</u> *(you were not legally served)*;
5. <u>Motion to Stay</u> *(put the case on hold)*; or
6. <u>Motion to Dismiss</u> *(stops the case)*.

**NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library**   Martinez: (925) 646- 2783       Richmond: (510) 374-3019
- **Ask the Law Librarian:**   www.247ref.org/portal/access_law3.cfm

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____

Plaintiff(s) / Cross Plaintiff(s)

vs.

_____

_____

Defendant(s) / Cross Defendant(s)

### _ADR Case Management Stipulation and Order_
### _(Unlimited Jurisdiction Civil Cases)_

CASE NO: _____

> ► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.** (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)
>
> ► PARTIES MUST ALSO **SEND A COPY OF THIS <u>FILED</u> STIPULATION AND ORDER TO THE ADR OFFICE:** EMAIL adrweb@contracosta.courts.ca.gov  FAX: (925) 957-5689  MAIL: P.O. BOX 911, MARTINEZ, CA 94553

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ❑ Mediation  (❑ Court-connected ❑ Private)
      ii. ❑ Arbitration  (❑ Judicial Arbitration (non-binding)  ❑ Private (non-binding)  ❑ Private (binding))
      iii. ❑ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date):* _____ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date):* _____ *(no more than 90 days after filing this form)*
2. The parties will complete the following discovery plan:
   a. ❑ Written discovery:  (❑ Additional page(s) attached)
      i. ❑ Interrogatories to:
      ii. ❑ Request for Production of Documents to:
      iii. ❑ Request for Admissions to:
      iv. ❑ Independent Medical Evaluation of:
      v. ❑ Other:
   b. ❑ Deposition of the following parties or witnesses: (❑ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ❑ No Pre-ADR discovery needed
3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Title Three; Chapter 5, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
|---|---|---|---|
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

> Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) <u>**Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**</u>
>
> Dated: _____  _____
>
> Judge of the Superior Court



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (*CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Email *adrweb@contracosta.courts.ca.gov* or call *(925) 608-2075*

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties email, fax or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediators regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties email, fax or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 60 days. Parties must use the ADR-102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties email, fax or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that evaluators regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at adrweb@contracosta.courts.ca.gov

# EXHIBIT B

SEYFARTH SHAW LLP
Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
Selyn Hong (SBN 303398)
shong@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
ALCON LABORATORIES, INC.

FILED

JAN 20 2017

STEPHEN H. NASH CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF CONTRA COSTA

JOSEPH POLICARPIO,

            Plaintiff,

      vs.

ALCON LABORATORIES, INC. and
DOES 1 to 25,

            Defendants.

Case No. C16-01865

**ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Complaint Filed: September 29, 2016
Complaint Served: December 23, 2016

      Defendant ALCON LABORATORIES, INC. ("Defendant") hereby answers Plaintiff JOSEPH POLICARPIO's ("Plaintiff") unverified Complaint ("Complaint") as follows:

### GENERAL DENIAL

      Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally and specifically denies each and every assertion and cause of action alleged in Plaintiff's Complaint and, without limiting the generality of the foregoing, denies that Plaintiff has been damaged in any amount, or at all, by reason of any act or omission of Defendant, or any of its respective past or present agents, representatives, and/or employees.

//

//

## SEPARATE DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following separate defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST SEPARATE DEFENSE

### (Failure To State A Cause Of Action)

Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action or state a claim upon which relief may be granted against Defendant.

## SECOND SEPARATE DEFENSE

### (Statute of Limitations)

Plaintiff's purported causes of action are barred, in whole or in part, by the applicable statutes of limitations including, but not limited to, the limitations contained in California Code of Civil Procedure sections 338(a), 340, and 343, and California Business & Professions Code section 17208.

## THIRD SEPARATE DEFENSE

### (No Standing)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff lacks standing to assert any of the causes of action contained in the Complaint because he has not suffered an injury-in-fact.

## FOURTH SEPARATE DEFENSE

### (Laches)

Plaintiff's purported causes of action are barred in whole or in part by the doctrine of laches.

## FIFTH SEPARATE DEFENSE

### (Unclean Hands)

Defendant alleges that to the extent Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of such relief herein.

## SIXTH SEPARATE DEFENSE

### (Estoppel)

Plaintiff is estopped by his conduct to assert any cause of action against Defendant.

1   | **SEVENTH SEPARATE DEFENSE**

2   | **(Waiver)**

3   | Plaintiff has waived his right to assert the purported claims contained in the Complaint against

4   | Defendant, including to the extent Plaintiff previously settled any disputes concerning issues alleged in

5   | the Complaint. Accordingly, Plaintiff is barred from recovering any relief obtained in this action.

6   | **EIGHTH SEPARATE DEFENSE**

7   | **(Ratification)**

8   | Plaintiff's Complaint, and each purported cause of action alleged therein, is barred on the ground

9   | that Plaintiff ratified the alleged actions complained of.

10  | **NINTH SEPARATE DEFENSE**

11  | **(Release)**

12  | This Complaint is barred to the extent that Plaintiff has given a release to Defendant in exchange

13  | for adequate consideration.

14  | **TENTH SEPARATE DEFENSE**

15  | **(Setoff and Recoupment)**

16  | To the extent a court holds that Plaintiff is entitled to damages or penalties, which Defendant

17  | specifically denies, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset

18  | all overpayments and/or all obligations that Plaintiff owed to Defendant against any judgment that may

19  | be entered against Defendant.

20  | **ELEVENTH SEPARATE DEFENSE**

21  | **(Good Faith Dispute — Labor Code § 203)**

22  | Plaintiff is not entitled to Labor Code section 203 penalties because a good faith dispute existed

23  | as to whether additional monies were owed at the time of Plaintiff's termination such that Defendant

24  | cannot be held to have willfully failed to comply with the requirements of Labor Code section 203.

25  | **TWELFTH SEPARATE DEFENSE**

26  | **(Failure to Show Entitlement to Waiting Time Penalties — Labor Code § 203)**

27  | The Complaint, and each and every claim contained therein, is barred to the extent that Plaintiff

28  | has failed to show that Defendant willfully, knowingly, or intentionally did not pay all accrued wages or

3

premium wages within the time required following any discharge or voluntary resignation of employment by Plaintiff. Plaintiff therefore cannot pursue claims for waiting time penalties under California Labor Code section 203

### THIRTEENTH SEPARATE DEFENSE

#### (No Recovery Under UCL)

Plaintiff improperly seeks through the cause of action under Business & Professions Code section 17200 (the "UCL") to recover monies that are not recoverable under the UCL.

### FOURTEENTH SEPARATE DEFENSE

#### (No Knowledge)

Plaintiff's claims are barred to the extent that Defendant did not have actual or constructive knowledge of any purported unpaid overtime allegedly performed by Plaintiff.

### FIFTEENTH SEPARATE DEFENSE

#### (FLSA Exempt Status)

Plaintiff's claims for overtime are precluded because, at all times applicable to the Complaint, Plaintiff was exempt from the overtime provisions of the FLSA as he qualified for the executive, administrative, and/or the learned professional exemptions pursuant to 29 U.S.C. § 213(a)(1), 29 C.F.R. §§ 541.100, *et seq.*, 29 C.F.R. §§ 541.200, *et seq.*, 29 C.F.R. §§ 541.300, *et seq.*, 29 C.F.R. § 541.301, and 29 C.F.R. §§ 541.602, 541.605, 541.606, 541.700, 541.701.

### SIXTEENTH SEPARATE DEFENSE

#### (No Willful FLSA Violation)

Plaintiff cannot extend the statute of limitations under the FLSA to three years or recover liquidated damages because Defendant did not willfully violate the FLSA, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the FLSA.

### SEVENTEENTH SEPARATE DEFENSE

#### (Good Faith - 29 U.S.C. § 259)

Plaintiff's claims are barred to the extent that Defendant's acts or omissions complained of in the Complaint were done in good faith and in reasonable reliance on an administrative regulation, order,

4

1  ruling, approval and interpretation of the United States Department of Labor, or an administrative
2  practice or enforcement policy of the United States Department of Labor, or an administrative practice
3  or enforcement policy of the United States Department of Labor with respect to the class of employers
4  to which Defendant belongs and thus are subject to the provisions of 29 U.S.C. § 259.

## EIGHTEENTH SEPARATE DEFENSE
### (Good Faith - 29 U.S.C § 260)

7  Plaintiff's claims are barred to the extent that Defendant's acts or omissions complained of in the
8  Complaint were done in good faith and Defendant had reasonable grounds for believing that its actions
9  or omissions were not in violation of applicable laws and thus subject to the provisions of 29 U.S.C. §
10  260.

## NINETEENTH SEPARATE DEFENSE
### (FLSA - Exclusions, Exceptions, Setoffs, and Credits)

13  Plaintiff's claims are barred in whole or in part by statutory and regulatory exclusions,
14  exceptions, setoffs, or credits including, but not limited to, 29 U.S.C. §§ 207(e)(1)-(8),
15  29 C.F.R. § 548.3, 29 C.F.R. § 548.304, and 29 C.F.R. § 548.305.

## TWENTIETH SEPARATE DEFENSE
### (Accord and Satisfaction)

18  Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.
19  Specifically, Plaintiff was properly and fully compensated for all work performed for Defendant, and
20  acceptance of these payments or any other payment for work performed constituted an accord and
21  satisfaction for all debts, if any, owed by Defendant.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

5

## TWENTY-FIRST SEPARATE DEFENSE

### (*Res Judicata*/Collateral Estoppel)

Plaintiff's Complaint or certain claims in the Complaint are barred by the doctrines of *res judicata* and collateral estoppel to the extent that Plaintiff has asserted any claims as those alleged in the Complaint in a previous adjudication on the merits.

## TWENTY-SECOND SEPARATE DEFENSE

### (Exempt Employees)

Plaintiff's claims are barred to the extent that Plaintiff was an exempt employee.

## TWENTY-THIRD SEPARATE DEFENSE

### (Failure to State a Claim for Relief for Punitive Damages)

Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, fails to state facts sufficient to entitle Plaintiff to an award of punitive damages.

## TWENTY-FOURTH SEPARATE DEFENSE

### (Punitive Damages Provisions Unconstitutional)

On their face and as applied to the Complaint, the provisions of Civil Code §§ 3294, *et seq.* violate Defendant's rights under the Due Process clause of the Fourteenth Amendment of the United States Constitution and/or Article I, Section VII of the California Constitution in that, among other things: (1) the Civil Code provisions are unconstitutionally vague; and (2) the Civil Code Provisions do not limit punitive damages to an amount that is constitutionally reasonable or proportionate to any harm caused.

## TWENTY-FIFTH SEPARATE DEFENSE

### (No Act by A Managing Agent)

Plaintiff's prayer for punitive damages is barred to the extent that he has not identified any unlawful conduct by an officer, director, or managing agent of Defendant.

## TWENTY-SIXTH SEPARATE DEFENSE

### (No Attorneys' Fees)

Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a claim for attorneys' fees against Defendant.

**ADDITIONAL DEFENSES**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**DEFENDANT'S REQUEST FOR COSTS AND ATTORNEYS' FEES**

Plaintiff knew or should have known that his claims are without any reasonable basis in law or equity and cannot be supported by good faith argument for extension, modification or reversal of existing law. As a result of Plaintiff's filing of this Complaint, Defendant has been required to obtain the services of the undersigned attorneys, and have incurred and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case. Defendant is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with California Code of Civil Procedure section 128.7.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

7

1

**PRAYER**

2  WHEREFORE, Defendant prays for judgment as follows:

3  1. That Plaintiff takes nothing by his Complaint, and that the Complaint be dismissed

4 with prejudice;

5  2. That judgment be entered in favor of Defendant and against Plaintiff;

6  3. For reasonable expenses and costs, including but not limited to reasonable

7 attorneys' fees, incurred in the defense of the Complaint; and

8  4. For such other further relief as this Court may deem just and proper.

9

10

11 DATED: January 20, 2017     Respectfully submitted,

12             SEYFARTH SHAW LLP

13

14             By: _____

15               Andrew M. McNaught
                Selyn Hong

16             Attorneys for Defendant
              ALCON LABORATORIES, INC.

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO PLAINTIFF'S COMPLAINT / CASE NO. C16-01865

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On January 20, 2017, I served the within document(s):

### ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

☐ I sent such document from facsimile machines (415) 397-8549 on May 26, 2015. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

**Attorney for Plaintiff**
Douglas A. Prutton, Esq.
Law Offices of Douglas A. Prutton
1985 Bonifacio St., Suite 101
Concord, CA 94520
Telephone: (925) 677-5080
Facsimile: (925) 677-5089
prutton5@gmail.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

1    Executed on January 20, 2017, at San Francisco, California.

2

3                                    *Karen Shepardson*

4                                         Karen Shepardson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28